No. 34,892

CHARLEY NIEBAUER, Revived in the Name of MARTHA L. SIBON as Executrix of the Last Will and Testament of Charley Niebauer, Deceased, *Appellant*, v. RAY BIVINS, HAZEL BIVINS, J. A. TRINDLE and A. NEAR, *Appellees*.

(112 P. 2d 118)

Opinion filed April 12, 1941.

*Joe T. Rogers, Roy L. Rogers*, both of Wichita, and *George H. Terrill*, of Elkhart, for the appellant.

*L. L. Morgan* and *A. E. Kramer*, both of Hugoton, for the appellees.

The opinion of the court was delivered by

DAWSON, C. J.: This is the second appearance of this case in this court. (*Niebauer v. Bivins*, 149 Kan. 260, 87 P. 2d 619.) The ex-

tended statement of the case in our former opinion need not be repeated.

Briefly, it was an action to recover on a bond given by defendant sureties for the redelivery of chattels which plaintiff had taken possession of under the authority of certain chattel mortgages. The original record was long, and various impertinent issues were raised which led to an erroneous and altogether unjust result in the trial court. To prevent its repetition, when this court reversed the judgment and remanded the cause for a new trial, we ordered that it should be reduced to the single issue of ascertaining and determining what property seized by the sheriff and returned to Bivins (defendant in custody of the mortgaged property and mortgagor of part of it) on the faith of the redelivery bond signed by the sureties had not been redelivered to plaintiff in accordance with its terms and to give plaintiff judgment therefor. In our opinion it was said:

"Here, unfortunately for all parties, the record does not permit this court to end this litigation with directions to enter judgment. There will have to be a new trial. But the multifarious and irrelevant matters which confused the issues at the last trial should be eliminated entirely, and the controverted issues reduced to the ascertainment and determination of what property seized by the sheriff and redelivered to Bivins on the faith of the bond signed by Trindle and Near as sureties has not been delivered to Niebauer according to its terms. The fact that a neighbor took up some horses running at large and offered them to the mortgagor, Mrs. Sibon, was not a return of the mortgaged horses to Niebauer according to the obligation of the bondsmen. Neither did the offer of the bondsmen to go to Stanton county and hunt up the cattle and bring them to Niebauer, if he would accept them, constitute a return of the cattle according to the obligation of their bond. The value of the unreturned horses and the unreturned cattle, as of the date of the replevin bond, should be fairly determined and judgment for their value rendered in plaintiff's behalf. That is the minimum of justice which must be accorded to plaintiff in this action." (p. 269.)

Neither party filed any motion for a rehearing or to modify our opinion and judgment, and our mandate issued in due course.

In the second trial the learned trial court was persuaded by defendants that what we said was the "minimum of justice" to which the plaintiff was entitled—the value of the unreturned horses and cattle—was also the *maximum* of what he was entitled to recover. We had no such thought. Indeed, we would have had no right to deny plaintiff a recovery of the fair value of every article seized by the sheriff on the writ of replevin and later surrendered to Bivins on the faith of the redelivery bond which was not forthcoming accord-

ing to its terms. It is the duty of this court and of every court in a government which professes to administer justice according to law, to render to every man his due, not a mere fraction of his due, or to split the difference between him and his adversary where he is clearly in the right and the latter clearly in the wrong.

The redelivery bond read as follows:

"STATE OF KANSAS, STEVENS COUNTY, ss:

"Whereas, By virtue of an order of replevin issued to the undersigned, sheriff of said county, out of the district court for said county, in an action therein pending, wherein Charley Niebauer being the same person as Charles Niebauer, is plaintiff, and Ray Bivins and Hazel Bivins, his wife, are defendants, said sheriff has taken into his possession the following described goods and chattels, of the value as follows, to wit:

"DESCRIPTION OF PROPERTY:

| | |
|---|---|
| 1 six year old mare, brown, weight about 1,200 lbs. | $ 100.00 |
| 1 smooth mouthed mare, brown, weight about 1,200 lbs. | 25.00 |
| 1 smooth mouthed mare, bay with spot in forehead, 900 lbs. | 25.00 |
| 2 smooth mouthed horses, weight 1,000 lbs. each | 50.00 |
| 1 smooth mouthed mare, iron gray, weight 1,600 lbs. | 25.00 |
| 1 smooth mouthed mare, brown, weight 900 lbs. | 25.00 |
| 1 smooth mouthed horse, bay, weight 900 lbs. | 25.00 |
| 2 colts | ..... |
| 1 Red Durham bull | 135.00 |
| 27 mixed colors cows, age 4 to 7, $30 each | 810.00 |
| 11 2-year old heifers, mixed colors, $30 | 220.00 |
| 1 header | 15.00 |
| 2 header barges | 15.00 |
| 2 farm wagons | 15.00 |
| 1 2-row lister | 15.00 |
| 2 cultivators | 30.00 |
| 6 sleds | 10.00 |
| 1 3-section harrow | 5.00 |
| 5½ sets harness | 30.00 |
| 1 auto trailer | 30.00 |
| All other tools, implements, etc., on the premises occupied by defendants, NE¼ of section 3-34-39, Stevens county, Kansas | 50.00 |
| 80 acres of maize growing on the northeast quarter of section 3, township 34, range 39; 100 acres of maize growing on the southeast quarter of section 34, township 33, range 39; and 80 acres of maize growing on the south half of the south half of section 35, township 33, range 39; all in Stevens county, Kansas, estimated 52,000 bushels | 1,800.00 |

"All of the aggregate value of three thousand five hundred and fifty-five and no/100 dollars, which property said sheriff returns to said defendants.

"Now, we, the undersigned, residents of the state of Kansas, bind ourselves

to said plaintiff in the sum of $8,800 dollars, that said defendants shall deliver to the said plaintiff the property herein returned to them, if such return be adjudged, and pay all costs and damages awarded against them in this action.

(Signed)     J. A. TRINDLE,

RAY BIVINS,                     A. NEAR,

MRS. HAZEL BIVINS,                                 *Sureties.*

    *Principals.*

Approved by me this 3d day of November, A. D. 1933.

H. I. McBEE, *Sheriff.*"

In its instruction to the jury the trial court rehearsed the terms of the redelivery bond, but added:

"The only property that is left for you to consider is the livestock therein described."

Plaintiff made timely objection to this instruction and requested one which may not have conformed to the ruling of this court. Be that as it may, the trial court's instruction was clearly erroneous, in that it failed to tell the jury that they should find the fair and reasonable value of every chattel which the sheriff had surrendered to Bivins on the giving of the redelivery bond and which was not redelivered to plaintiff or otherwise properly accounted for pursuant to its terms. The only qualification permissible on the value of the unreturned chattels covered by the redelivery bond, and not otherwise properly accounted for, was that plaintiff's judgment should not be more than the actual amount due on his notes (less credits) secured by the mortgages pertaining thereto.

The judgment is reversed and the cause remanded for further proceedings consistent herewith.